# Illinois Official Reports

## Appellate Court

***People v. Ingram*, 2018 IL App (4th) 160099**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DUSTIN INGRAM, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-16-0099 |
| Filed | July 19, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Douglas County, No. 06-CF-23; the Hon. Daniel L. Flannell, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Sean Collins-Stapleton, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Katherine D. Watson, State's Attorney, of Tuscola (Patrick Delfino, David J. Robinson, and Allison Paige Brooks, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Presiding Justice Harris and Justice Holder White concurred in the judgment and opinion. |

**OPINION**

¶ 1     In March 2006, the State charged defendant, Dustin Ingram, with one count of armed robbery with a firearm. 720 ILCS 5/18-2(a)(4) (West 2006). At the time of the alleged crime, defendant was 16 years old. The armed robbery with a firearm count excluded defendant from juvenile court. 705 ILCS 405/5-130(1)(a) (West 2006).

¶ 2     In May 2006, the parties asked the trial court to approve a negotiated plea agreement. In exchange for his guilty plea and a sentence of 18 years in prison, the State agreed to amend the charge to armed robbery with a dangerous weapon. 720 ILCS 5/18-2(a)(1) (West 2006). Standing alone, armed robbery with a dangerous weapon could have been adjudicated in juvenile court. See 705 ILCS 405/5-130(1)(a) (West 2006). The trial court accepted the plea agreement.

¶ 3     In August 2015, defendant filed a petition for relief from judgment and a motion to vacate a void judgment, arguing that the trial court did not have jurisdiction because the State (1) dismissed the armed robbery with a firearm count and (2) failed to request a hearing to sentence him as an adult. In September 2015, the State filed a motion to dismiss. In March 2016, the trial court granted the State's motion to dismiss.

¶ 4     Defendant appeals, arguing his "adult conviction and sentence are void because the amendment of the charging instrument from *** armed robbery with a firearm to armed robbery with a dangerous weapon extinguished criminal court jurisdiction and effectively transferred [the] case to juvenile court." Likewise, defendant argues his sentence is void because the State did not request a hearing to sentence him as an adult. We disagree, concluding that (1) the trial court had jurisdiction and (2) the State was not required to request a hearing to sentence defendant as an adult.

¶ 5                                    I. BACKGROUND
¶ 6                             A. The Original Information
¶ 7     In March 2006 the State charged defendant with one count of armed robbery with a firearm. 720 ILCS 5/18-2(a)(4) (West 2006). At the time of the alleged crime, defendant was 16 years old. The armed robbery with a firearm count excluded defendant from juvenile court. 705 ILCS 405/5-130(1)(a) (West 2006). The original information stated as follows:

> "That on March 13, 2006, *** [defendant] committed the offense of ARMED ROBBERY in that the said defendant, while armed with a firearm, knowingly took property *** from the presence of [the victim] by use of force; further, said defendant, during the course of this offense, personally discharged a firearm, proximately causing great bodily harm to [the victim]."

¶ 8                                 B. The Guilty Plea
¶ 9                            1. *The Amended Information*
¶ 10    In May 2006, the parties asked the trial court to approve a negotiated plea agreement. In exchange for his guilty plea, the State agreed to reduce the charge to armed robbery with a dangerous weapon. 720 ILCS 5/18-2(a)(1) (West 2006). Standing alone, armed robbery with a dangerous weapon could have been adjudicated in juvenile court. See 705 ILCS

405/5-130(1)(a) (West 2006). Pursuant to the plea agreement, defendant agreed to be sentenced to 18 years in prison.

¶ 11    The State, by oral motion, asked to amend the information. Defense counsel stated on the record that he had no objection. The State did not add an additional count or file a new information. Instead, the prosecutor modified the original information by crossing out and adding new terms. The amended information is below. Italicized words represent the State's handwritten modifications. Words with strikethrough typeface represent words that the State physically crossed out.

> "That on March 13, 2006, *** [defendant] committed the offense of ARMED ROBBERY in that the said defendant, while armed with a firearm *dangerous weapon*, knowingly took property *** from the presence of [the victim] by use of force; ~~further, said defendant, during the course of this offense, personally discharged a firearm, proximately causing great bodily harm to [the victim]~~."

¶ 12                                 *2. The Factual Basis for the Plea*

¶ 13    The State asserted that if the matter were to proceed to trial, the victim would testify that defendant and another man, both of whom were armed with dangerous weapons, entered a gas station on March 13, 2006. The victim would testify that defendant used the weapon to injure his leg and that the men took money from the cash register.

¶ 14                                 *3. The Trial Court's Actions*

¶ 15    The trial court found that a factual basis existed for the guilty plea. The court appropriately admonished defendant and accepted his guilty plea to armed robbery with a dangerous weapon. The court sentenced defendant pursuant to the terms of his plea agreement. Defendant did not timely file a motion to withdraw his plea nor directly appeal his plea or sentence.

¶ 16                                 C. The Defendant's First Appeal

¶ 17    In August 2012, defendant, who was then over the age of 21, filed a petition for *habeas corpus* relief. Defendant argued that, as an adult, he was entitled to immediate release because (1) he was a minor when he committed the offense, (2) the juvenile court had exclusive jurisdiction over his case, and (3) he should have been sentenced as a juvenile. The State filed a motion to dismiss, arguing that defendant failed to show that the trial court lacked jurisdiction or that a postconviction occurrence entitled him to immediate release. The trial court granted the State's motion to dismiss, and this court affirmed. *Ingram v. Pfister*, 2014 IL App (4th) 130518-U, ¶¶ 23, 29.

¶ 18                                 D. This Appeal

¶ 19    In August 2015, defendant filed a petition for relief from judgment and a motion to vacate a void judgment. Defendant argued that the trial court did not have jurisdiction because the State (1) dismissed the armed robbery with a firearm count and (2) failed to request a hearing to sentence him as an adult.

¶ 20    In September 2015, the State filed a motion to dismiss, arguing (1) the petitions were untimely, (2) the claims were barred by *res judicata*, and (3) the conviction and sentence were proper. In March 2016, the trial court granted the State's motion to dismiss.

¶ 21    This appeal followed.

¶ 22                    II. ANALYSIS

¶ 23    Defendant appeals, arguing his "adult conviction and sentence are void because the amendment of the charging instrument from *** armed robbery with a firearm to armed robbery with a dangerous weapon extinguished criminal court jurisdiction and effectively transferred [the] case to juvenile court." Likewise, defendant argues his sentence is void because the State did not request a hearing to sentence him as an adult. We address these issues in turn.

¶ 24            A. The Standard of Review and the Juvenile Court Act of 1987

¶ 25    The dispositive issues on appeal involve statutory construction, which is a question of law reviewed *de novo*. *People v. King*, 241 Ill. 2d 374, 378, 948 N.E.2d 1035, 1037 (2011). Our primary objective when interpreting a statute is to ascertain and effectuate the intent of the legislature. *Id.* The best indicator of such intent is the plain language of the statute. *Id.* In determining the plain language of the statute, we consider the statute in its entirety, the subject the statute addresses, and the apparent intent of the legislature in enacting the statute. *Id.*

¶ 26    As it existed at the time of defendant's offense, the Juvenile Court Act of 1987 (Act) stated as follows:

"§ 5-120. Exclusive jurisdiction. Proceedings may be instituted under the provisions of this Article concerning any minor who prior to the minor's 17th birthday has violated or attempted to violate *** any federal or State law or municipal or county ordinance. Except as provided in Sections 5-125, 5-130, 5-805, and 5-810 of this Article, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2006).

"§ 5-130. Excluded jurisdiction.

(1)(a) The definition of delinquent minor under Section 5-120 of this Article shall not apply to any minor who at the time of an offense was at least 15 years of age and who is charged with: (i) first degree murder, (ii) aggravated criminal sexual assault, (iii) aggravated battery with a firearm where the minor personally discharged a firearm as defined in Section 2-15.5 of the Criminal Code of 1961, (iv) armed robbery when the armed robbery was committed with a firearm, or (v) aggravated vehicular hijacking when the hijacking was committed with a firearm.

These charges and all other charges *arising out* of the same incident shall be prosecuted under the criminal laws of this State." (Emphasis added.) *Id.* § 5-130(1)(a).

¶ 27                    B. The Trial Court's Jurisdiction

¶ 28    Defendant argues his sentence is void because the trial court did not have jurisdiction. He argues the trial court did not have jurisdiction because "the amendment of the charging instrument from *** armed robbery with a firearm to armed robbery with a dangerous weapon extinguished criminal court jurisdiction and effectively transferred [the] case to juvenile court." We disagree.

¶ 29    The Act states that armed robbery with a firearm and all other charges arising out of the same incident "shall be prosecuted under the criminal laws of this State." *Id.* The Act explicitly

- 4 -

divests the juvenile court of jurisdiction over such criminal matters. *Id.*; see Megan M. Sulok, Comment, *Extended Jurisdiction Juvenile Prosecutions: To Revoke or Not to Revoke*, 39 Loy. U. Chi. L.J. 215, 234-35 (2007).

¶ 30　　The record clearly demonstrates, and defendant concedes, that the State originally charged defendant with armed robbery with a firearm. 720 ILCS 5/18-2(a)(4) (West 2006). This charge, under the plain language of the statute, divested the juvenile court of jurisdiction and gave exclusive jurisdiction to the trial court. 705 ILCS 405/5-130(1)(a) (West 2006).

¶ 31　　Likewise, the subsequent modification of the information did not "divest" the trial court of jurisdiction. The amended charge of armed robbery with a dangerous weapon arose out of the same incident from which defendant was originally charged with armed robbery with a firearm. See *King*, 241 Ill. 2d at 386. The State's subsequent modification of the information had no legal effect on the trial court's jurisdiction. *Id.* Accordingly, we reject defendant's argument that the trial court lacked jurisdiction merely because the State amended the information pursuant to their plea agreement.

¶ 32　　　　　　　　　　　　　C. The Defendant's Adult Sentence

¶ 33　　Assuming that his adult conviction was proper, defendant argues his sentence is void because the State was required to request a hearing to sentence him as an adult. See 705 ILCS 405/5-130(1)(c)(ii) (West 2006). We disagree.

¶ 34　　The Act, in pertinent part, reads as follows:

> "(ii) If after trial or plea the court finds that the minor committed an offense not covered by paragraph (a) of this subsection (1), that finding shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State; however, unless the State requests a hearing for the purpose of sentencing the minor [as an adult], the Court must proceed under Sections 5-705 and 5-710 of this Article. To request a hearing, the State must file a written motion within 10 days following the entry of a finding or the return of a verdict." *Id.*

¶ 35　　In *King*, 241 Ill. 2d at 376, the defendant was a minor charged with five counts of first degree murder. The juvenile court did not have jurisdiction over first degree murder. See 705 ILCS 405/5-130(1)(a) (West 2000). Later, the State filed an additional count of attempt (first degree murder). 720 ILCS 5/8-4(a), 9-1(a) (West 2000). Standing alone, attempt (first degree murder) could have been adjudicated in juvenile court. See 705 ILCS 405/5-120 (West 2000); see also *id.* § 5-130(1)(a). In exchange for dropping the five counts of first degree murder, the defendant pleaded guilty to attempt (first degree murder) and agreed to be sentenced to 15 years in prison. *King*, 241 Ill. 2d at 376. On appeal, the defendant argued that his sentence was void because the State failed to request a hearing under section 5-130(1)(c)(ii) to determine whether he should be sentenced as an adult. *Id.* at 376-77. The Illinois Supreme Court rejected this argument, reasoning that the "defendant was properly sentenced without a hearing" because he accepted a plea agreement with a predetermined sentence. See *id.* at 376, 386-87.

¶ 36　　In this case, defendant pleaded guilty to armed robbery with a dangerous weapon in exchange for dismissing the charge of armed robbery with a firearm. Likewise, pursuant to the plea agreement, defendant agreed to be sentenced to 18 years in prison. Similar to *King*, we conclude that the State was not required to request a hearing for adult sentencing when both

parties already agreed upon the exact sentence to be imposed. See *id.* at 378.

¶ 37                                III. CONCLUSION

¶ 38            For the foregoing reasons, we affirm the trial court's judgment.

¶ 39            Affirmed.